## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

**ROBERT COLEMAN and**                                    **PLAINTIFFS**
**NANCY COLEMAN**

**vs.**                                **NO. 3:05-CV-00113GTE**

**COWAN SYSTEMS, INC. and**
**and THOMAS RUSSELL**                                    **DEFENDANTS**

### ORDER

Before the Court are two motions filed by Defendants Cowan Systems, Inc. and Thomas

Russell, a Motion to Compel and a Motion to Strike Plaintiffs' Expert. Plaintiffs have responded

to both motions. For the reasons stated below, the Court denies the motion to compel and the

motion to strike.

### FACTUAL BACKGROUND

Plaintiffs initiated this action on April 13, 2005 in the Circuit Court of Craighead County,

Arkansas. Defendants removed the action, based on diversity jurisdiction, to federal court on

May 27, 2005.

Plaintiffs' Complaint alleges that Plaintiff Robert Coleman was injured when Defendant

Thomas Russell drove a 1997 Peterbilt tractor-trailer into the rear of Mr. Coleman's 2002

Chevrolet pickup truck. The incident occurred on Interstate 55 in West Memphis, Arkansas.

Defendant Thomas Russell was an agent, servant or employee of Defendant Cowan Systems, Inc.

Cowan Systems owned the truck driven by Mr. Russell.

The Complaint further alleges that Mr. Coleman was able-bodied, 46 years old, in good

health and gainfully employed. Mr. Coleman claims to have suffered permanent injuries to his

1

neck and back, including a central disc herniation at L4-5 as a result of the collision. He seeks

damages for his injuries, disability, present and future pain and suffering, medical and related

expenses, reduced earning capacity, and loss of earnings. His wife, Nancy Coleman, states a

claim for loss of consortium.

## MOTION TO COMPEL

Defendants' motion to compel seeks supplemental discovery responses to certain written

discovery. Plaintiffs have responded. After reviewing the motion papers relevant to this issue,

the Court concludes that Plaintiffs' discovery responses are adequate. Accordingly, Defendants'

motion will be denied.

## MOTION TO STRIKE EXPERT WITNESS

Defendants argue that Plaintiffs' proposed expert Mr. Breeding is not qualified to testify

in the areas of Plaintiff's loss of future earnings capacity, loss of future household services, work

life expectancy or lost opportunity cost. Defendants have not yet deposed Mr. Breeding, who

was identified later than the parties originally agreed, but Plaintiffs have agreed to make him

available the week of May 8, 2006.

Plaintiffs have presented good cause for the late identification of Mr. Breeding. The

record indicates that Plaintiffs acted promptly after realizing that Mr. Coleman's injuries were

likely to be permanent and that his doctor was advising him not to "ever go back" to his pre-

accident activities. The Court declines to strike Mr. Breeding's testimony because he was

disclosed late. Instead, the Court will extend the discovery deadline to permit Defendants to

depose Mr. Breeding and, if necessary, to permit Defendants to obtain their own expert to

counter the opinions of Mr. Breeding.

2

The "Vocational Evaluation Report" submitted by Mr. Breeding indicates that he conducted a vocational evaluation on Mr. Coleman on March 22, 2006, for the purpose of determining his "potential to engage in competitive employment." (Report, Exh. A to Defs.' motion).

Contrary to Defendants' suggestion, it does not appear the Mr. Breeding is proposing to testify regarding the extent or permanency of Plaintiff's injuries, but rather, that he is relying on Plaintiff's treating physicians for that purpose[1] and, using that foundation, testifying regarding the impact on Mr. Coleman's present and future job opportunities.

The main thrust of Mr. Breeding's opinion testimony appears to involve projecting Mr. Coleman's ability to engage in competitive employment in light of his post-injury aptitudes and abilities and his lost earnings capacity as a result. He estimates that Mr. Coleman will suffer lost earnings capacity in the amount of $630,864. Additionally, he values Mr. Coleman's loss of capacity to perform household services at $46,886.

The Report also suggests that Plaintiff was deprived of the opportunity to own 1/3 of a business. Such "lost opportunity" testimony is more problematic. Whether it would be appropriate to project any future lost profits as a result of such lost opportunity cannot be determined on this record. Before the jury would be permitted to consider such damages, there would have to be an evidentiary basis for concluding that such damages were in fact likely to

---

[1] For example, the Report quotes from a February 15, 2006 medical report from Dewayne Eubanks, M.D., to-wit: "'Mr. Coleman returns for evaluation of his neck. . . He has had these problems ever since his accident but they have taken a back burner to the severe pain in his back and his legs. . . . He has done terrific with respect to his back. I am not sure it is wise for him to ever go back to the type of activities he was doing before and in fact, I have specifically advised him against this.'" (Report, at p. 4).

3

occur and were not speculative. It does not appear that Mr. Breeding's report alone would provide an adequate basis for the submission to the jury of such measure of damages. But, again, the Court would like to make this decision on the basis of a more developed record.

The Court cannot on this record conclude that Mr. Breeding's report and testimony should be stricken. The Court would like to hear more about Mr. Breeding's background, training and research. Defendants' motion will be denied at this time. Defendants may renew their motion at trial and the Court will revisit the issue outside the presence of the jury.

Accordingly,

IT IS THEREFORE ORDERED that Defendants' Motion to Compel (Docket No. 13) be, and it is hereby, DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Strike Expert Witness and Alternatively, Expert Opinions (Docket No. 15) be, and it is hereby, DENIED.

IT IS FURTHER ORDERED that the discovery period be reopened through and including **May 29, 2006**, for the limited purpose permitting Defendants' to depose Mr. Breeding and, if necessary, to designate a counter-expert. The parties are directed to prepare this case for trial, to go forward with the deposition of Mr. Breeding during the week of May 8, 2006, and to promptly bring to the Court's attention any issues that may jeopardize the trial date of June 19, 2006.

IT IS SO ORDERED THIS 1st day of May, 2006.

                                        /s/Garnett Thomas Eisele
                                  UNITED STATES DISTRICT JUDGE

4